## COMMONWEALTH *vs.* JOHN MURPHY, JR.

It is not necessary that an indictment under Gen. Sts. *c.* 160, § 28, for attempting to extort money by threats, should set out with technical accuracy the crime or offence of which the defendant is alleged to have threatened to accuse another person.

A false statement that a warrant has been issued to arrest a person for a crime, which will be served unless money is paid to stay the process, is a threat to accuse him of a crime, within the meaning of that statute.

INDICTMENT, charging that the defendant, on a day and at a place named, "did unlawfully, and maliciously and verbally threaten one Micajah P. Beach that he would accuse him, the said Beach, of committing the crime of selling spirituous and intoxicating liquors within this commonwealth in violation of law, by then and there uttering words substantially as follows, to wit: ' I have complained of you to a justice of the peace, and two warrants are issued and are in the hands of deputy sheriff Crosby, and Crosby is just back here out of sight, and if you won't pay me fifteen dollars the warrants shall be served;' with intent then and there and thereby to extort from him the said Micajah a certain sum of money, to wit, the sum of fifteen dollars, against the peace," &c.

The defendant moved to quash this indictment, in the superior court, before the jury were empanelled; but the motion was overruled.

At the trial in the superior court, before *Rockwell,* J., it was proved that the defendant went to the grocery of Micajah P. Beach's wife, where Micajah was acting as clerk for her, and there told him that he wished said Micajah to let him have fifteen dollars, and, upon Micajah's refusal to do so, used the words set forth in the indictment, adding, " The complaints are for selling liquor." After this statement by the defendant, Micajah offered to go and see Crosby, but the defendant said it would be of no use, and insisted upon obtaining the fifteen dollars. Micajah did not go and see Crosby, and finally the defendant offered to take five dollars, and Mrs. Beach paid that sum to him. Crosby nad no warrant and knew of no complaint by the defendant against Micajah for selling liquor.

No other evidence was offered, and the defendant asked **the** court to order a verdict of acquittal; but the judge declined to do so; and the jury returned a verdict of guilty. The defendant alleged exceptions.

*A. J. Waterman*, for the defendant. The crime of which it is alleged that the defendant threatened to accuse Beach should have been more definitively set out. The words here used do not import a crime. Words should have been set out which of themselves show that an accusation of crime was threatened. The indictment does not set forth a threat to accuse a person of a crime, but only a threat that a legal act should be done.

*Reed*, A. G., for the Commonwealth, cited *Rex* v. *Abgood*, 2 C. & P. 436.

BIGELOW, C. J. The objections to the indictment on which the defendant's counsel now insists cannot prevail.

1. It is. not necessary that an indictment under Gen. Sts. *c.* 160, § 28, should set out with technical accuracy the crime or offence of which the defendant is alleged to have threatened to accuse another person. If such a rule were adopted, it would defeat the operation of the statute in many cases which would clearly come within the mischief which it is designed to remedy. The plain intent of the legislature was to prevent the extortion of money or the exercise of duress upon persons to their injury, by threatening to accuse them of some crime or offence. Such threats might often be expressed in very general or vague terms without indicating the precise nature of the accusation or degree of crime intended to be embraced within the language used, and yet be equally efficacious in compelling the giving of money or the doing of some other act to the injury or prejudice of the person to whom it was addressed. In such cases it would be manifestly impossible to set out in an indictment with technical accuracy the exact offence of which the defendant had threatened to accuse another person. It could not have been intended that no threat of accusation of crime should be punishable which was not expressed in such words as to convey the idea that some distinct offence or specific charge of crime was embraced within their meaning. No such accuracy of allegation

can be required under the statute. A defendant is entitled to a full, formal and substantial description of his offence. This is furnished when the indictment sets out, as in the case at bar, the exact words used by the defendant. If these clearly import a threat of accusation of crime, and they are duly alleged to have been uttered with the unlawful intent to extort money, or otherwise to injure another, according to the requirements of the statute, the offence charged on the defendant is fully described, without further allegation or averment.

2. It is further objected that the indictment does not set out and that the evidence did not prove that any threat to charge the prosecutor with crime was made by the defendant; but that it is only averred and proved that the latter threatened to cause two warrants for the offence of selling liquor to be served on the former, if he did not pay a certain amount of money. But we think that an offence under the statute is duly charged. A false statement that a warrant is issued to arrest a person for a crime, which will be served unless money is paid to stay the process, is a threat to accuse a person of a crime. A threat of accusation, in the sense of the statute, comprehends a threat to use any of the preliminary means necessary to cause a person to be pro-ceeded against for a criminal offence.

*Exceptions overruled.*